## DICKERSON *v.* MATHESON *et al.*

*(Circuit Court, S. D. New York.* May 25, 1891.)

**PATENTS FOR INVENTIONS—INFRINGEMENT—INTERLOCUTORY INJUNCTIONS.**
Where the question whether or not complainant can treat defendants as infringers of his patent depends on whether the latter purchased goods covered by the patent from a foreign corporation, operating under the same patent as complainant, with notice of a restriction against its resale in the United States when they paid the purchase price, and the evidence on this question is insufficient, no interlocutory injunction against the resale of the goods in the United States will issue.

In Equity. On motion for an interlocutory injunction.

Defendants, William J. Matheson and James N. Steele, purchased 2,000 pounds of benzo-purpurine from a German corporation in Berlin, which had the right to make and sell the same under the German patent of the complainant, who also owned the United States patent in suit. The sale was affected through Domeier & Co., of London, England, and the German company had no notice that the goods were intended for the United States. The goods were marked with the following label: "The importation in the United States of North America is forbidden." The invoice also contained a similar restriction. Albert Domeier, who made the purchase, deposed that he was ignorant of the restriction, and that on the same day that the invoice was sent he delivered his check against it.

*Dickerson & Dickerson,* for complainant.

*Henry P. Wells,* for defendants.

WALLACE, J. I have held the motion for an interlocutory injunction in this cause undecided for several months, upon the supposition that the complainant proposed to apply for leave to submit supplemental depositions, or to dismiss his motion. In my judgment the right of the complainant to treat the defendants as infringers hinges upon the question of fact whether Domeier paid or sent his check for the benzo-purpurine bought by him for the defendants of the London agent of the Berlin company before he received the invoice which gave notice that the patented article was sold on condition that it was not to be used or sold in the United States. I am unable to determine this question upon the depositions which have been submitted. The motion ought to be disposed of; and, as the complainant has not applied to dismiss it or reopen it for further depositions, and as the case made does not satisfy me that the goods were not paid for or a check given for them before Domeier received the invoice, the motion is denied.